JUSTICE GRAY
concurs and dissents.
¶28 I join in the Court’s opinion on issue one, which holds that Dahl could not have a separate entity purchase workers’ compensation insurance to cover his workers. I respectfully dissent from the Court’s opinion on issue two, however, which is the question of whether the workers at issue were Dahl’s employees under the 1993 Workers’ Compensation Act.
¶29 I do not disagree with the law set forth by the Court in issue two. Rather, it is my view that — given the odd procedural posture in which this case is before us — we should not address this issue, but should remand to the Workers’ Compensation Court for resolution. The issue of whether the workers were Dahl’s employees was, in fact, raised by Dahl — but not addressed — in the Workers’ Compensation Court because that court determined the issue of whether Dahl was required to provide his own workers’ compensation insurance was dispositive. Since we are remanding on the other issues reserved by the Workers’ Compensation Court, we should do the same with the issue of whether the workers were Dahl’s employees.
¶30 I could not agree more with the Court’s concern for judicial economy. Moreover, I understand its interest in furthering judicial economy by addressing the hearing examiner’s determination that nine of the workers provided to Dahl were his employees, rather than having the Workers’ Compensation Court do so. In this case, however, it is my view that Dahl’s interest in having an opportunity to brief his issue of whether the workers provided by Olsten’s were, in fact, his employees must trump our concern for judicial economy. Because the Workers’ Compensation Court did not address this issue, it is not before us and Dahl quite properly did not address it in this appeal. For this Court to address an issue of such critical importance to a party to the appeal, without allowing that party to be heard, strikes me as unfair at the very least.
¶31 Nor can I draw any consolation in this regard from the similarities between the present case and honey. There, the case proceeded in an orderly manner from the Department’s hearing examiner stage to a review by the Workers’ Compensation Court. The hearing examiner determined that none of the workers were temporary workers; on appeal, the Workers’ Compensation Court affirmed the finding that certain workers were not temporary workers, but reversed the hearing *182 examiner’s finding as to the remaining workers. Loney appealed to this Court and we affirmed the Workers’ Compensation Court’s decision that certain of the workers were not temporary workers but were his employees. Loney, ¶¶ 11, 25. Thus, it is clear that, in Loney, the Workers’ Compensation Court performed a careful analysis to determine which of the workers at issue were actually Loney’s baseline, or core, workers and, consequently, his employees under the workers’ compensation statutes.
¶32 In the present case, the Court does not explain the basis for its determination that all of the workers at issue were “core workers to serve [Dahl’s] daily business functions.” The Court notes that, in the aggregate, the workers worked between six and fifteen weeks in 1993 and between eight and twenty weeks in 1994. In addition, the Court points to the evidence showing that Dahl had “at least two workers for the weeks at issue and that Dahl frequently had four or five workers working during a week.” Nothing in that recitation of evidence, however, resolves the questions of how much work was Dahl’s baseline load and how many of the workers were core workers needed to fill actual baseline needs as opposed to short-term workers needed to perform work over and above Dahl’s baseline needs. It may well be true that, since Dahl used at least two workers for each of the weeks at issue, those workers were core workers needed for his baseline needs. It is not nearly as clear, however, that the additional workers also were core workers.
¶33 I would remand the issue regarding whether the workers were Dahl’s employees — an issue not addressed by the Workers’ Compensation Court — to that court, together with the other issues being remanded. Because a remand is necessary on other issues, I cannot see how judicial economy is advanced by not remanding this issue as well, particularly since doing so would provide Dahl the opportunity to brief this issue in a subsequent appeal if one is to occur.